**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANTONIO MCCORMACK,

Plaintiff,

v. Civ. No. 25-677 GBW/GJF

GARY W CADDELL and
WHITE TRANSPORTATION
SERVICES, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. *Doc. 21*. Having reviewed the briefing and relevant law, the Court will grant the motion in part and deny it in part for the reasons set out below.

## I. BACKGROUND

Plaintiff filed this action in the Fifth Judicial District Court on May 29, 2025, alleging various negligence-based claims against Defendants. *Doc. 1-1*. The case was removed on July 18, 2025. *Doc. 1*. Plaintiff filed the operative Amended Complaint on August 1, 2025. *Doc. 17*. It alleges as follows. On April 3, 2024, Plaintiff was traveling westbound on Highway 380 in Tatum, Lea County, New Mexico. *Id*. at ¶ 8. Defendant Gary W. Caddell was operating a 2021 Freightliner owned by Defendant White

Transportation Services, Inc. ("White Transportation"). *Id*. at ¶ 7. Mr. Caddell was traveling at a high rate of speed, failed to control his speed, and rear-ended Plaintiff's vehicle with enough force to push the vehicle several feet on the shoulder of the road. *Id*. at ¶ 8. Plaintiff was injured as a result. *Id*. at ¶ 9.

## II. LEGAL STANDARD

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). The court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint must only be "enough to raise a right to

relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

## III. ANALYSIS

Defendants move to dismiss the claims of negligent hiring, training, retention and supervision and negligent entrustment against White Transportation, and the claim for punitive damages against both Defendants. *Doc. 21*.

### A. Negligent Hiring, Training, Supervision and Retention

Plaintiff asserts a claim of "negligent hiring, training, supervision, and retention" against White Transportation. *Doc. 17* at ¶¶ 28–31. Defendants argue he fails to state a claim because no specific supporting facts are alleged. *See doc. 21* at 6–8. The Court agrees.

Under New Mexico law, "[a] principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 168 P.3d 155, 165 (N.M. Ct. App. 2007) (quoting Restatement (Third) of

Agency § 7.05(1) (2006)). The basic elements of these claims are that the employer knew or should have known the employee was unfit; that the employer failed to exercise reasonable care in hiring, training, supervising or retaining the employee; and that the employer's negligence caused the plaintiff's injury. *See* NMRA, Civ. UJI 13-1647; *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 73 (N.M. 2004) (standard for negligent supervision or retention is "whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee" (quoting *Los Ranchitos v. Tierre Grande, Inc.*, 861 P.2d 263, 269 (N.M. Ct. App. 1993))); *Lessard*, 168 P.3d at 165 ("Negligence in hiring or retention is based on the employer's negligent acts or omissions in hiring or retaining an employee when the employer knows or should know, through the exercise of reasonable care, that the employee is incompetent or unfit." (citing *F&T Co. v. Woods*, 594 P.2d 745, 747 (N.M. 1979))).

As an initial matter, Plaintiff's statements about the requirements imposed by the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. §§ 350–399, are not factual allegations but merely restatements of the law. Specifically, Plaintiff alleges that the FMSCR requires employers to "obtain a complete and in-depth application for employment"; "obtain a full record of the driver's prior experience"; "perform a road test"; provide "significant training" including on federal regulations, local laws, and safe operation of commercial motor vehicles; "monitor[] hours of service logs and ensur[e] records for drivers' hours of service are maintained"; and "perform annual

inquiries and reviews of driving record." *Doc. 17* at ¶ 29. These are statements of law and the Court does not consider them in assessing the sufficiency of the complaint. *See Twombly*, 550 U.S. at 555.

As facts, Plaintiff alleges: "Had Defendant White met its duties under the FMCSR, they would have known that Defendant Gary W. Caddell was unfit to operate a commercial motor vehicle, based on his inexperience as a driver, past driving records, failure to adhere to hours-of-service requirements, lack of knowledge of the FMCSR, and inability to safely operate a commercial motor vehicle." *Doc. 17* at ¶ 30. Plaintiff also alleges that "Defendant White's failure to hire, train, supervise, and retain Defendant Gary W. Caddell with reasonable care was a proximate cause of Plaintiff's injuries, and the harm suffered in this case." *Id.* at ¶ 31.

The Court finds these allegations are defective in two ways. First, there is insufficient factual information to conclude that White Transportation knew or should have known that Mr. Caddell was unfit or otherwise likely to cause harm to drivers. The allegation that White Transportation should have known Mr. Caddell was unfit "based on his inexperience as a driver, past driving records, failure to adhere to hours-of-service requirements, lack of knowledge of the FMCSR, and inability to safely operate a commercial motor vehicle," *doc. 17* at ¶ 30, is conclusory. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("[A]n allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual

enhancement."); *Century Bank v. ADT Commercial LLC*, 2022 U.S. Dist. LEXIS 216539, at *32 (D.N.M. Dec. 1, 2022) (allegations are conclusory where they "[e]xpress[] a factual inference without stating the underlying facts on which the inference is based" (quoting *Conclusory, Black's Law Dictionary* (9th ed. 2004))). The complaint does not allege what driving experience Mr. Caddell had or how his experience fell short of federal or state requirements. It does not allege how his past driving records were deficient, or in what way he failed to adhere to hours-of-service requirements. *See, e.g.*, *Brent v. T.G. Baker Trucking, Inc.*, Civ. No. 23-1036 KG/JMR, 2024 U.S. Dist. LEXIS 162910, at *9 (D.N.M. Sept. 9, 2024) (allegations that the defendant "did not have the proper education, background, training, or experience to safely operate the vehicle, and [he] was an incompetent and/or reckless driver" were conclusory). The allegations of "lack of knowledge of the FMCSR" and "inability to safely operate a commercial vehicle" convey no specific factual information at all. To the extent the Amended Complaint contains any factual allegations about training, it certainly does not explain how Mr. Caddell's training was inadequate or what knowledge he lacked. *See, e.g.*, *Linkewitz v. Robert Health Trucking, Inc.*, Civ. No. 13-420 WPL/RHS, 2013 U.S. Dist. LEXIS 200450, at *16 (D.N.M. Aug. 13, 2023) (granting dismissal where the complaint did not "allege what these purported deficiencies in training and supervision actually were").

Second, and relatedly, the complaint is devoid of factual allegations to show causation. Even if Plaintiff had sufficiently alleged a breach of duty, he would need to

allege plausibly that the breach caused the collision. *See Lessard*, 168 P.3d at 165 (plaintiff's harm must be "caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent"). The allegation that "Defendant White's failure to hire, train, supervise, and retain Defendant Gary W. Caddell with reasonable care was a proximate cause of Plaintiff's injuries," *doc. 17* at ¶ 31, is a threadbare restatement of the claim's causation element. *See Twombly*, 550 U.S. at 555. There is no allegation that, for example, the accident occurred because Mr. Caddell was fatigued after driving in excess of the permitted number of hours,[1] or because he was inadequately trained in some particular maneuver or safety requirement, or because he regularly engaged in dangerous maneuvers while driving. Nor is there any reasonable inference of causation based on the facts alleged. The allegations are that Mr. Caddell was traveling at a high rate of speed, failed to control his speed, and rear-ended Plaintiff's vehicle. *Id*. at ¶ 8. None of these are plausibly connected with any alleged deficiencies in hiring, training, supervision or retention. Because Plaintiff has not "nudged" the claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, the Court will grant dismissal.

---

[1] Plaintiff states in the response brief that Defendant Caddell was "exceeding the maximum hours of service allowed by the FMCSR." *Doc. 28* at 9–10. This is not actually alleged in the Amended Complaint, and the Court cannot substitute statements in briefing for sworn allegations in the pleadings. But even if it had been properly alleged, there are no additional allegations to connect the excessive hours of service with the collision involving Plaintiff.

B. Negligent Entrustment

Plaintiff also asserts a claim of negligent entrustment against White Transportation. *Doc. 17* at ¶¶ 32–37. The elements for negligent entrustment of a vehicle in New Mexico are that:

> (1) Defendant was the owner or person in control of the vehicle that caused plaintiff's injuries;
> (2) Defendant permitted the third party to operate the vehicle;
> (3) Defendant knew or should have known that the third party was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others;
> (4) The third party was negligent in the operation of the motor vehicle; and
> (5) The third party's negligence was a cause of the injury to plaintiff.

*Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 948 (10th Cir. 2018) (citing NMRA, Civ. UJI 13-1646). Plaintiff alleges White Transportation "knew or should have known Defendant Gary W. Caddell was an incompetent and/or reckless driver and knew or should have known he was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others." *Doc. 17* at ¶ 34. Specifically, Plaintiff alleges that if White Transportation had met its duties under the FMCSR, it would have known Mr. Caddell was likely to create an unreasonable risk of harm to others because of "his inexperience as a commercial driver, lack of knowledge of the FMCSR, inability to safely operate a commercial vehicle and past driving record." *Id*. at ¶ 36.

These allegations are again insufficient to state a claim because they do not specify what experience Mr. Caddell had or how it was deficient; which FMCSR

requirements he was ignorant of; whether there were accidents, tickets, or other specific indicators of incompetence in his past driving record; or what facts indicated his inability to safety operate a commercial vehicle. To determine whether a defendant is liable for negligent entrustment, courts consider "what aspects of the entrustee's driving record, faculties to drive at the moment of entrustment, and behavioral characteristics potentially impacting the entrustee's future capacity to operate a motor vehicle were known to or available to the entrustor." *Amparan*, 882 F.3d at 948–49; *see, e.g.*, *Sanchez v. San Juan Concrete Co.*, 943 P.2d 578 (N.M. Ct. App. 1997) (denying summary judgment on a negligent entrustment claim where the employee informed the employer he was "drunk, tired, hung over and unfit to operate the cement truck"); *Ramon v. Mantilla*, Civ. No. 24-86 GJF/DLM, 2025 U.S. Dist. LEXIS 81301, at *21 (D.N.M. Apr. 29, 2025) (plaintiff stated a claim for negligent entrustment where the employee driver "suffered from signs and symptoms of Alzheimer's Disease at the time of the collision"). These facts are absent from the Amended Complaint and, accordingly, the Court will grant the motion to dismiss as to this claim.

C. Negligence Per Se

In a footnote of their brief, Defendants ask the Court to dismiss Plaintiff's claim of negligence per se because "the cited regulations refer to the hiring practices of a motor carrier" and "[a]s such . . . this claim is addressed in conjunction with Defendants' arguments regarding negligent hiring." *Doc. 21* at 2 n.1. The claims of

negligence per se are not addressed in the body of the brief, in the reply brief, or in Plaintiff's response. Defendants do not provide legal citations related to this argument or discuss the legal standard for negligence per se. Adding to the confusion, the Amended Complaint contains two claims for negligence per se: one against Mr. Caddell, and one against White Transportation. *See doc. 17* at ¶¶ 14–15, 26–27. Defendants' footnote refers to "claims of Negligence Per Se" and requests dismissal of "these claims," but then states that "this claim" is addressed in conjunction with Defendants' other arguments. *Doc. 21* at 2 n.1. It is therefore unclear whether they request dismissal of the claim against White Transportation only or against both Defendants.

The Court finds that the issue has been inadequately briefed. Because Defendants' argument is unclear, unsupported by legal citation, and confined to a two-sentence footnote, the Court finds that Plaintiff was not afforded fair notice of the argument and will deny the motion as it refers to the claim(s) of negligence per se.[2]

D. Punitive Damages

Defendants move to dismiss Plaintiff's claims for punitive damages on the basis that there is no allegation of the requisite mental state. *Doc. 21* at 4–6. Generally,

[2] Plaintiff is warned, however, that the negligence per se claims appear to be wholly conclusory because they are devoid of specific factual allegations. Plaintiff should also be mindful that under New Mexico law, only statutes or regulations that "define[] the duty with specificity" will support an instruction of negligence per se. *Heath v. La Mariana Apts.*, 180 P.3d 664, 666 (2008) (citation omitted).

punitive damages are awarded for conduct that is "maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard to the plaintiffs' rights." *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1258 (D.N.M. Mar. 29, 2019) (quoting *Loucks v. Albuquerque Nat'l Bank*, 418 P.2d 191, 199 (N.M. 1966)). But "[a] punitive damage claim is not an independent cause of action"; it is "part and parcel of a liability determination and does not have any independent being until a jury has decided . . . that not only was a defendant's conduct negligent, but that it was gross, willful, wanton or malicious." *Mason v. Texaco*, *Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991). In other words, punitive damages are a remedy, not a freestanding claim. *E.g.*, *Francisco v. Susano*, 525 F. App'x 828, 833 (10th Cir. 2013) ("Punitive damages are a well-established component of traditional common law remedies." (citing *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 409–10 (2009))). Accordingly, a number of courts in this district and others have found that a "request for punitive damages is not the proper subject of a Rule 12(b)(6) motion because such a request is not a separate cause of action." *Suttman-Villars v. Argon Med. Devices, Inc.*, 553 F. Supp. 3d 946, 963 (D.N.M. 2021) (citation omitted); *see also Merch. Livestock Co. v. Chevron U.S.A, Inc.*, Civ. No. 23-257 KWR/JHR, 2023 U.S. Dist. LEXIS 194560, at *12 (D.N.M. Oct. 30. 2023).

Punitive damages are not categorically excluded for Plaintiff's negligence claims under New Mexico law. *See Akins v. USW, Local 187*, 237 P.3d 744, 752 (N.M. 2010) ("[W]e are aware of no New Mexico common-law cause of action in tort where we have

held that punitive damages are unavailable as a matter of law."). They also are not a standalone claim. *Sanchez v. Clayton*, 877 P.2d 567, 573 (N.M. 1994) ("[T]he plaintiff must establish a cause of action before punitive damages can be awarded." (citation omitted)). Their availability is a matter for a jury to decide, if and when Plaintiff prevails on one or more causes of action. At this juncture, therefore, the Court agrees with the reasoning above that Plaintiff's punitive damages claims are not properly evaluated on motion under Rule 12(b)(6). Defendants' motion to dismiss the punitive damages claims is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (*doc. 21*) is GRANTED IN PART and DENIED IN PART. It is therefore ORDERED as follows:

(1) Plaintiff's claim of negligent hiring, training, supervision, and retention is **DISMISSED WITHOUT PREJUDICE**;

(2) Plaintiff's claim of negligent entrustment is **DISMISSED WITHOUT PREJUDICE**; and

(3) Within **30 days** of this Order, Plaintiff may file a second amended complaint.

**IT IS SO ORDERED.**

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**